IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 24-03008-01-CR-S-SRB |
| | ) | |
| STEVEN MICHAEL KONERT, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT & RECOMMENDATION**

Before the Court is Defendant's Motion to Suppress. (Doc. 28.) This action has been referred to the undersigned for the purpose of submitting a report on any pretrial motions to suppress evidence. As follows, it is **RECOMMENDED** that the Motion to Suppress be **DENIED**.

I. **Background**

Defendant has been charged by indictment with one count of receipt and distribution of child pornography, in violation of 18 U.S.C. §§ 2252(a)(2) and (b)(1). (Doc. 12.)

In his Motion, Defendant asks the Court "to suppress evidence and statements made as a result of the execution of a search warrant on or about December 26, 2023 at 15100, 15218 State Highway FF, and 104 and 105 N. Jefferson Ave. in or near Ava, Missouri." (Doc. 28.) In support, Defendant claims "the particularity requirement is betrayed by (a) the staleness of the warrant application (reported in August but no warrant application was made until on or about December 26, 2023) and (b) at least three different search locations are described in the warrant application, all of which are not described with particularity in the warrant affidavit." *Id.*

1

A suppression hearing was held on September 12, 2024. (Doc. 36.) Defendant appeared in person with his attorney, Joseph Passanise, and the Government was represented by Assistant United States Attorney Stephanie Wan. *Id.* Aaron Box, a Deputy with the Douglas County, Missouri, Sheriff's Office, appeared and testified. *Id.*

II.     **Findings of Fact**

On August 21, 2023, at approximately 3:40 p.m., a man named Robert Rotach entered the Douglas County, Missouri, Sheriff's Office and requested to speak to a deputy. (Gov. Ex. 1, 2, 3.) Deputy Aaron Box spoke with Rotach, who advised that Defendant had recently been evicted from a property that Rotach owned. *Id.* Rotach stated that Defendant left personal belongings at the property after he was evicted. *Id.* A new family had moved onto the property, and they had begun disposing of Defendant's abandoned belongings. *Id.* As the new residents were cleaning the property, they discovered a flash drive. *Id.* One individual placed the flash drive into a computer and discovered a large amount of suspected child pornography. *Id.*

Deputy Box took possession of the flash drive and accessed it.[1] *Id.* Deputy Box confirmed that the flash drive contained a large amount of suspected child pornography. *Id.* Download dates on the flash drive revealed that the images had been downloaded from 2005 to 2022. *Id.* Also contained on the flash drive was a PDF of a United States Postal Service return shipping label. Defendant's name was listed on the label as the shipper. *Id.*

On August 23, 2023, Deputy Box visited the property where the flash drive was found. *Id.* He asked the individuals who discovered the flash drive where exactly it was found. *Id.* Deputy

---

[1] Defendant does not challenge the validity of the search of the flash drive. To the extent that he raised this issue during the suppression hearing, the argument fails because "[a] warrantless search of abandoned property does not implicate the Fourth Amendment, for any expectation of privacy in the item searched is forfeited upon its abandonment." *United States v. Tugwell*, 125 F.3d 600, 602 (8th Cir. 1997).

Box was directed to a structure where Defendant had been taken into custody during the execution of a previous search warrant. *Id.* The individuals then advised Deputy Box that the flash drive was found in Defendant's office area. *Id.* This office was the location where Defendant was discovered when he was taken into custody. *Id.* The individuals told Deputy Box that they believed the flash drive would be empty and were going to use it to track their crop planting records. *Id.* However, when they accessed the flash drive, they discovered the suspected child pornography. *Id.* The individuals then contacted Rotach, who brought the flash drive to the Douglas County Sheriff's Office. *Id.* The flash drive was then transported to the Cyber Crimes Taskforce, located in West Plains, Missouri for further investigation. *Id.*

The Cyber Crimes Taskforce began downloading the flash drive for further investigation. *Id.* The flash drive was discovered to contain approximately 6,000 images and videos of possible child pornography. *Id.*

The Douglas County Sheriff's Office and the Cybercrimes Taskforce continued the joint investigation by investigating Defendant's place of residency and employment. *Id.* Defendant's business, Bulk Naturals Wholesale, was located at 104 and 105 North Jefferson Avenue, Ava, Missouri. *Id.* Officers had observed Defendant on several occasions near this location, Defendant had applied for a business license at this location, and Defendant assumed financial responsibility for city utilities at the location. *Id.*

Deputy Box also discovered another address connected to Defendant located at 15218 State Highway FF, Ava, Missouri. *Id.* The property was owned by Spirit of Truth Native American Church, but the utilities were paid for by Bulk Natural Wholesale. *Id.* Defendant was listed as a secondary name on the payments. *Id.* Deputy Box observed three vehicles parked at this location. *Id.* At various times, Deputy Box observed these vehicles parked at the three locations associated

with Defendant. *Id.* Deputy Box confirmed one vehicle was owned by Defendant by running the license plate through the MULES database. *Id.*

On December 24, 2023, Defendant was arrested for an unrelated offense. *Id.*

On December 26, 2023, Deputy Box applied for search warrants for the "15218 State Highway FF Ava, Missouri" and "104 and 105 North Jefferson Avenue Ava, Missouri" properties. (Gov. Ex. 1, 2.) The warrants were issued and executed the same day. *Id.* While executing these warrants, Deputy Box encountered two individuals who provided information connecting Defendant to an additional address located at "15100 State Highway FF Ava, Missouri 65608." (Gov. Ex. 3.) This residence was located on the same property as the 15218 State Highway FF residence. *Id.* A search warrant was issued and executed for this property the same day. *Id.*

All three warrants correctly identified the addresses to be searched, and authorized the search and seizure of "[r]ecords and information related to the crime of possessing, purchasing, distributing child pornography including but not limited to: Text messages, Instant messages, social media, social media messages, call history, voice mail, contacts, IM screen names and email addresses, phone settings, notes or memos, document files, audio memos, calendar data, photographs, videos, Internet history, any electronic devices, cell phones, any items possessing a SD card or, SD card itself." (Gov. Ex. 1, 2, 3.)

Several items were seized during the searches. *Id.* No evidence of child pornography was found on the items seized. (Tr. 34.) Defendant was interviewed by police on December 26, 2024. *Id.* Defendant made no incriminating statements during this interview. *Id.*

4

### III. Conclusions of Law

#### a. No Incriminating Evidence or Statements were Obtained as a Result of the Challenged Warrants

Before contending with the arguments set forth in the Motion, it is necessary for the undersigned to address a concession made by Defendant's counsel. During the suppression hearing, Defendant's counsel acknowledged that no incriminating evidence was seized because of the three search warrants challenged in his Motion. (Tr. 26.) Additionally, Deputy Box testified that Defendant did not make any incriminating statements that he was aware of, and no child pornography was found on any of the devices seized during the execution of the three December 2023 search warrants. (Tr. 34.) Because of this, it is unclear why Defendant is moving this Court to suppress statements and evidence when there are no statements or evidence to be suppressed. Accordingly, the undersigned concludes that the motion is moot, as there is no evidence, nor any statements obtained due to the search warrants at issue to be suppressed.

However, out of an abundance of caution, this court will address Defendant's arguments.

#### b. The Information Contained in the Affidavits was Not Stale

First, Defendant contends that the search warrants were not supported by probable cause and that any evidence seized during the execution of these warrants should be suppressed. Defendant argues that Deputy Box's December 26, 2023 affidavits were inadequate to establish probable cause because they were made based on the contents of a flash drive discovered on August 21, 2023 (Doc. 28.) "Probable cause means a 'fair probability that contraband or evidence of a crime will be found in a particular place,' given the circumstances set forth in the affidavit." *United States v. Horn*, 187 F.3d 781, 785 (8th Cir. 1999) (quoting *Illinois v. Gates*, 462 U.S. 213,

5

238 (1983)). "The date of the evidence in the affidavit is important to the probable cause determination because untimely information may be deemed stale." *United States v. Lemon*, 590 F.3d 612, 614 (8th Cir. 2010).

"There is no bright-line test for determining when information in a warrant is stale." *Id.* quoting *United States v. Pruneda*, 518 F.3d 597, 603 (8th Cir. 2008)). "Rather, we look to the circumstances of the case, including the nature of the crime involved." *Lemon*, 590 F.3d at 614. "[T]he lapse of time is least important when the suspected criminal activity is continuing in nature and when the property is not likely to be destroyed or dissipated." *United States v. Horn*, 187 F.3d 781, 785 (8th Cir. 1999).

In *United States v. Lemon*, the Eighth Circuit held that an 18-month gap between the source of probable cause and the issuance of the warrant did not cause the warrant to be stale. *Lemon*, 590 F.3d at 616. The court stated, "Possession of child pornography is a crime that is continuing in nature, and the evidence in the warrant application established that [the defendant] was unlikely to have destroyed the illegal material." *Id.* at 614. Here, like in *Lemon*, the target of the search warrant was child pornography, and evidence in the warrant application demonstrates that it was unlikely that Defendant would have destroyed the evidence. Specifically, the affidavits states that the flash drive had 6,000 images and videos of probable child pornography, with download dates from 2005 to late 2022. (Gov. Ex. 1, 2, 3.) The fact that Defendant maintained this vast collection for 17 years and had not deleted any of the material from the flash drive demonstrates that it was unlikely that Defendant had destroyed material from other collections he may have possessed.

Further, in *Lemon*, the court held that an officer's explanation that, based on his training and experience, the behavior of a defendant was "indicative of a preferential collector who would maintain his collection for a long time[,]" bolstered the inference that child pornography would be

6

found in a search despite an 18-month lapse of time. *Lemon*, 590 F.3d at 614–15. Here, Deputy Box stated in the affidavit, "Due to my training and experience I believe that an individual who is capable of possessing such a vast amount of child pornography within one device, would also exhibit a fair probability of possessing sex trafficking capabilities and device within their residence/properties, or in a separate storage device possibly for redistribution, located in the three properties leased or rented by Steven Konert or his business Bulk Natural Wholesale listed within this affidavit." (Gov. Ex. 1, 2, 3). This statement further supports the inference that a search of these three properties would result in the discovery of child pornography.

For these reasons, the 4-month gap between the discovery of the flash drive and the execution of the search warrants did not cause the information to be stale. As a result, the warrants were supported by probable cause, and as to this basis the Motion should be denied.

### c. The Warrants Describe the Locations to be Searched with Sufficient Particularity

Defendant next argues that the three search warrants were not valid because "at least three different search locations are described in the warrant application, all of which are not described with particularity in the warrant affidavit." (Doc. 28.)

"The Fourth Amendment requires particularity in the warrant, not supporting documents like an application or affidavit." *United States v. Sigillito*, 759 F.3d 913, 923–924 (8th Cir. 2014) (citing *Groh v. Ramirez*, 540 U.S. 551, 557 (2004). Defendant only appears to challenge the particularity of the descriptions contained in the warrant affidavits. Because there is no Fourth Amendment particularity requirement for affidavits, this argument fails.

7

Even if Defendant intended to challenge the *warrant's* particularly, that argument also fails. "To satisfy the particularity requirement, the place to be searched must be 'described with sufficient particularity as to enable the executing officer to locate and identify the premises with reasonable effort' and to avoid mistakenly searching the wrong premises." *United States v. Gamboa*, 439 F.3d 796, 806 (8th Cir. 2006) (quoting *United States v. Thomas*, 263 F.3d 805, 807 (8th Cir. 2001)).

The first search warrant authorized the search of "Steven Konert's residential address of 15218 State Highway FF Ava, Missouri 65608 owned by Spirit of Truth Native American Church, and rented by Steven Konert. The search shall include any and all structures that Steven Konert has access to." (Gov. Ex. 1.)

The second search warrant authorized the search of "Steven Konert's business address of 104 & 105 North Jefferson Ava Missouri, 65608 owned by Richard Salgado, and rented by Steven Konert. Konert operates is [sic] business Bulk Naturals Wholesale, from these two properties. The search shall include any and all structures that Steven Konert has access to." (Gov. Ex. 2.)

The third search warrant authorized the search of "Steven Konert's residential address of 15100 State Highway FF Ava, Missouri 65608 owned by Spirit of Truth Native American Church, and rented by Steven Konert. The search shall include any and all structures that Steven Konert has access to." (Gov. Ex. 3.)

Defendant does not allege that any of these addresses are inaccurate. Even a search warrant with an incorrect address can satisfy the particularity requirement. *See United States v. Rogers*, 150 F.3d 851, 855 (8th Cir. 1998), *United States v. Valentine*, 984 F.2d 906, 909 (8th Cir. 1993); *Lyons v. Robinson*, 783 F.2d 737, 738 (8th Cir. 1985). Thus, a search warrant that contains an

accurate address certainly would be sufficiently particular to "enable the executing officer to locate and identify the premises with reasonable effort and to avoid mistakenly searching the wrong premises."  Contrary to Defendant's contention, the warrants describe the locations to be searched with sufficient particularity.  Therefore, this argument fails to provide any basis for suppression.

## IV. Conclusion

For the foregoing reasons, it is hereby **RECOMMENDED** that Defendant's Motion to Suppress be **DENIED**.  First, the undersigned concludes the Motion to Suppress is moot, as there is no evidence to be suppressed. Second, even if there was evidence to be suppressed, the Motion fails to provide a basis for suppression.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: October 11, 2024